```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
NICOLE ANN RESUA,

                Plaintiff,
                                        ORDER
       -against-                        21-CV-0399(JS)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:    Jonathan R. Klee, Esq.
                  Klee, Woolf, Goldman & Filipi, LLP
                  350 Willis Avenue
                  Mineola, New York 11501

For Defendant:    No appearance.
```

SEYBERT, District Judge:

On January 25, 2021, plaintiff Nicole Ann Resua ("Plaintiff") filed a Complaint against the Commissioner of Social Security seeking review of the decision of the Administrative Law Judge pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), together with an application to proceed in forma pauperis ("IFP"). (Compl., ECF No. 1; Mot., ECF No. 3.)  For the reasons that follow, the application to proceed in forma pauperis is DENIED and Plaintiff is ORDERED to remit the $402.00 filing fee within thirty (30) days from the date of this Order.

To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states

that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed in forma pauperis is to ensure that indigent persons have equal access to the judicial system. Davis v. NYC Dep't of Educ., No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing Gregory v. NYC Health & Hosps. Corp., No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for in forma pauperis status is within the discretion of the district court. Pinede v. NYC Dep't of Env't Prot., No. 12-CV-6344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013) (collecting cases). The Court may dismiss a case brought by a plaintiff requesting to proceed in forma pauperis if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

On the IFP application, Plaintiff reports that she is unemployed and has received weekly unemployment insurance payments in the amount of $182.00 from the Spring of 2020 to the present in addition to "pandemic enhancement" payments totaling $5,400. (Mot. ¶¶ 2-3.) Plaintiff also reports as income her 2019 tax refund in the sum of $683.00 and a stimulus payment of $1,200.

2

(Id. ¶ 3.)  According to Plaintiff, she has $3,711.74 in cash and in her checking and savings account.  (Id. ¶ 4.)  Plaintiff wrote "N/A" in response to the question that asks for any items owned of value and the only regular monthly living expenses reported are for her phone ($90 per month) and deferred student loan payments.  (Id. ¶¶ 5-6.)  Plaintiff reports no regular monthly expenses for items such as housing, transportation, and utilities; however, she reports that she contributes approximately $350.00 a month to support her mother and father.  (Id. ¶ 7.)

Given Plaintiff's responses, she has not demonstrated that she cannot afford the $402.00 filing fee.  Accordingly, the Court DENIES Plaintiff's application to proceed in forma pauperis.  Wrenn v. Benson, 490 U.S. 89, 90 n.4 (1989) (per curiam) (denying leave to proceed in forma pauperis based on review of information contained in the supporting affidavit of indigency); Grimes v. Sil, No. 19-CV-1066, 2019 WL 981639, *1 (E.D.N.Y. Feb. 27, 2019) (denying in forma pauperis status where application reflected plaintiff had "sufficient resources to pay the $400.00 filing fee," including $3,500.00 in a checking or savings account).  Plaintiff's declaration establishes that she can pay the $402.00 filing fee and still provide herself and her dependents with the necessities of life.  Adkins, 335 U.S. at 339.

Plaintiff is directed to remit the $402.00 filing fee

within thirty (30) days from the date of this Order.  Plaintiff is cautioned that failure to timely comply with this Order will lead to the dismissal of the Complaint without prejudice and entry of a judgment.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   February  8 , 2021
         Central Islip, New York